Sunbury Finance Company, Inc., Appellant, *v.*
Scarborough et al.

Argued March 12, 1935.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellant.

*George L. Reed,* with him *William S. Bender* and *C. A. Wilson,* for appellee.

OPINION BY CUNNINGHAM, J., July 18, 1935:

This is a companion replevin case to that of Sunbury Finance Company, Inc. v. Boyd Motor Company, 119 Pa. Superior Ct. 412, 180 A. 103, in which the present intervening defendant, Universal Credit Company, was the intervenor. It was tried before the same jury; a verdict, as in the previous case, was directed for the plaintiff, but judgment n. o. v. was subsequently entered for the intervening defendant.

The car in question, a Ford coupe, was obtained from the same manufacturer by the same dealer, Boyd Motor Company, under a financial transaction identical with that involved in the purchase of the truck, and culminated in the giving of an identical Trust Receipt to the intervening defendant. The Boyd Motor Company first executed a bailment lease to one Scarborough, with the usual option to purchase, Scarborough, however, making no payments on account. The Boyd Motor Company then borrowed a sum in excess of $400 from the plaintiff on the strength of the transaction, and assigned to the plaintiff its lease with Scarborough. The car, however, was allowed to remain in the possession of the Boyd Motor Company until it was repossessed

and removed to a garage by the intervening defendant shortly before the action of replevin was instituted.

The judgment in this case must be affirmed, for the reasons given at length in our opinion in the prior case. As between plaintiff and the Boyd Motor Company, the transactions in regard to the vehicles were identical. In each case the plaintiff made a loan to the Boyd Company upon the security of the motor vehicle, taking in the former case the direct obligation of the Boyd Company, and in this one an assignment of the obligation of a proposed purchaser. In both cases, the plaintiff, although technically the owner and lessor of the vehicle, occupied that position only to insure the repayment of its loan. In reality it was a pledgee. As we have already held, plaintiff is not within the class of those who can question the effectiveness of the paper transaction between Boyd Motor Company and the intervening defendant.

It is true that Scarborough is the technical defendant in this case. The issue actually tried, however, was not that between him and the plaintiff, or between him and the intervening defendant, but that of the respective rights of the plaintiff and the intervening defendant. Scarborough did not enter a formal appearance or take part in the proceedings as a party thereto. He was called as a witness for the intervening defendant. While he admitted the genuineness of his signature to the lease, he stated that he had made no payments of rental with respect to the car, that he was not familiar with the terms of the agreement, and that it was not his understanding that the lease was intended to give him the right to acquire title to any particular car. His failure to appear as a party in the case and his disclaimer upon the stand of any interest in the subject of the replevin suit, leave us free to disregard any rights which he may have had if he had seen fit to assert them. For the purposes of this

review, therefore, the case may be treated as though no lease to him had ever been executed. We have heretofore defined the respective rights of the plaintiff and the intervening defendant.

Judgment affirmed.